# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00390-FDW

| | |
|---|---|
| ANTHONY M. AIKENS, | ) |
|       Plaintiff, | ) |
| vs. | )   **ORDER** |
| KERRY PUTNEY, et al., | ) |
|       Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983. [Doc. 1]; see 28 U.S.C. § 1915(a). On September 13, 2019, the Court entered an order waiving the initial filing fee and directly monthly payments be made from Plaintiff's prison account. [Doc. 8]. Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Anthony M. Aikens is a prisoner of the State of New York, currently incarcerated at Attica Correctional Facility located in Attica, New York. Plaintiff filed the current action on August 9, 2019, pursuant to 42 U.S.C. § 1983, naming the following individual or groups of individuals as Defendants: (1) Kerry Putney, identified as the police chief for Mecklenburg County; (2) Jane Doe, identified as a retired detective from the "Charlotte NC police dept;" (3) John Doe, identified as the partner of Jane Doe and employed with the "Charlotte NC police dept" at the relevant times; (4) members of the CSI team involved in the investigation at 736 Wendover Street in Charlotte, NC; and (5) Andrew Murray, identified as the District Attorney for Prosecutorial District # 26 [Doc. 1 at 3]. Plaintiff purports to bring claims against Defendants for (1) "plant[ing] Plaintiff's DNA in their reports in which was after the fact, crime scene was close,"

(2) for maliciously prosecuting the plaintiff "with evidence that was manufactured by the leading female detective;" and (3) allowing Jane Doe to "run a corrupt investigation and act[ing] in concert to violate plaintiff's federally protected rights." [Doc. 1 at 4].

For relief, Plaintiff seeks, among other things, damages in the amount of $150,000,000.00. [Doc. 1 at 5].

The Plaintiff makes no allegation in his Complaint that his conviction has been overturned or otherwise invalidated. [See Doc. 1].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Because the Plaintiff has failed to allege that his underlying conviction has been vacated or otherwise invalidated, <u>Heck v. Humphries</u>, 512 U.S. 477 (1994), applies to bar Plaintiff's claims. In <u>Heck</u>, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, given the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. Plaintiff, however, has not alleged that his conviction has been reversed or otherwise invalidated. Therefore, his claims are barred by <u>Heck</u>.[1]

## IV. CONCLUSION

In sum, for the reasons stated above, the Court will dismiss this action without prejudice.

---

[1] In addition to the fact that Plaintiff's claims are <u>Heck</u>-barred, Defendant Murray is subject to dismissal for other reasons. That is, District Attorney Murray is entitled to absolute prosecutorial immunity for actions taken while performing traditional prosecutorial duties. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976).

**IT IS, THEREFORE, ORDERED** that:

1. This action is **DISMISSED** without prejudice.

2. The Clerk is directed to close this case.

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge